## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MCI COMMUNICATIONS SERVICES, INC., d/b/a VERIZON BUSINESS SERVICES, a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MUNDETEL COMMUNICATIONS, INC. and US STAR COM, INC., | ) ) ) | |
| Defendants. | ) ) ) | Case No. 09-CV-261-TCK-TLW |

## COMPLAINT

Plaintiff MCI Communications Services, Inc., d/b/a Verizon Business Services, successor-in-interest to MCI Network Services, Inc. f/k/a MCI Worldcom Network Services, Inc., ("Verizon Business"), for its claims against Defendants Mundetel Communications, Inc. ("Mundetel") and US Star Com, Inc. ("US Star") (collectively, "Defendants"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Verizon Business is a corporation, formed under the laws of the State of Delaware, with its principal place of business located in the State of Oklahoma.

2.      Mundetel is a corporation, formed under the laws of the State of New York, with its principal place of business located in the State of York.

3.      US Star is a corporation, formed under the laws of the State of Nebraska, with its principal place of business located in the State of York.

4.      This Court may properly exercise jurisdiction over both the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332, in that diversity of citizenship exists and the

amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

5.      Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(a) and by agreement of the parties.

## FACTS

6.      Verizon Business is in the business, inter alia, of owning and operating a fiber-optic telecommunications network across the United States and internationally.  As part of its business, Verizon Business sells telecommunications capacity on its network on both a wholesale and retail basis.  In the case of sales at the wholesale level, Verizon Business sells blocks of telecommunications capacity to "resellers," such as Defendants, who in turn, resell that telecommunications capacity to others.

7.      Verizon is informed and believes, and hereby alleges that Defendants are in the business, inter alia, of selling telecommunications services worldwide, which includes buying telecommunications capacity on networks owned by others, and reselling that capacity to third-parties.

8.      Verizon Business provided telecommunications services to Mundetel pursuant to a Telecommunications Services Agreement dated July 25, 2004 (which included various attachments, Program Enrollment Terms, and amendments which set forth special rates and additional terms) (the "TSA").

9.      On May 15, 2008, Mundetel, US Star and Verizon Business executed an Assignment and Assumption Agreement.  Pursuant to the Assignment and Assumption Agreement, Mundetel assigned its rights and interests under the TSA to US Star.  US Star thereby agreed, inter alia, to be liable to Verizon Business for any and all obligations or liabilities

under the TSA, regardless of whether such obligations or liabilities accrued before or after the effective date of the Assignment and Assumption Agreement. In exchange Verizon Business provided its agreement to the assignment of the TSA and agreed to provide telecommunications services to US Star under the terms stated therein.

10.     Pursuant to the TSA, Verizon Business billed Defendants on a monthly basis for the telecommunications services purchased by Defendants. Pursuant to the TSA, Defendants agreed to pay specified rates and charges for the telecommunications services purchased, subject to Verizon Business' right to modify its charges upon notice to Defendants.

11.     Pursuant to the TSA, Verizon Business provided various notices of increases in charges for specified telecommunications services to Defendants. Thereafter, Defendants purchased telecommunications services subject to the increased charges. However, Defendants have refused to pay these charges owed to Verizon Business as required by the TSA.

12.     Pursuant to the TSA, Defendants were required to pay Verizon Business for all services rendered within thirty (30) days of the invoice date set forth on each Verizon Business invoice to Defendants. Pursuant to the TSA, in the event of Defendants' failure to timely make payments to Verizon Business required of it, Verizon Business is entitled to a late fee in the amount of the lesser of one and one-half percent (1.5%) of the unpaid balance per month or the maximum lawful rate under applicable state law.

13.     Pursuant to the TSA, in the event that Defendants disputed any amounts billed by Verizon Business, Defendants were required to: (1) pay all undisputed charges on or before the due date; (2) present a written statement and supporting documentation to Verizon Business detailing any billing discrepancies on or before the due date of the invoice; and (3) negotiate in good faith with Verizon Business for the purpose of resolving such dispute within a period of

sixty (60) days. Further, pursuant to the TSA, Defendant was obligated to pay all disputed amounts together with late fees if any billing dispute was not resolved within such sixty (60) day period.

14.    Verizon Business has complied with all of its obligations to Defendants pursuant to the TSA. However, Defendants have defaulted on their obligations pursuant to the TSA by failing and refusing to pay those amounts due and owing to Verizon Business when and as due.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract – The TSA)

15.    Verizon Business adopts and realleges the allegations of Paragraphs 1 through 14 of this Complaint.

16.    Verizon Business did in fact provide telecommunications services used by Defendants. Defendants have failed and refused to pay for the telecommunications services provided by Verizon Business.

17.    The actions of Defendants described above constitute material breaches of the TSA.

18.    As a result of these breaches, Verizon Business has been actually damaged in an amount to be proven at trial, but believed to be at least One Hundred Seventy-One Thousand, Five Hundred Ninety-Five Dollars and Eighty-Four Cents ($171,595.84), plus contractual late fees.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit)

19.    Verizon Business adopts and realleges the allegations of Paragraphs 1 through 18 of this Complaint. This claim is made in the alternative to Verizon Business' breach of contract claim set forth in the First Claim for Relief and in the event that for some reason the TSA is

deemed not to govern the provision of any of the telecommunications services provided by Verizon Business to Defendants.

20.    Verizon Business conferred valuable services upon Defendants in the form of Verizon Business' telecommunications services.

21.    Defendants had actual or constructive knowledge or appreciation that Verizon Business had conferred services upon Defendants, and that Verizon Business sought to charge Defendants for the use of these services and expected to be paid at certain rates for such services.

22.    Defendants accepted, retained and used Verizon Business' telecommunications services, and it would be inequitable for Defendants to retain the benefit of such services without paying for their value.

23.    As a result of these actions by Defendants, Verizon Business has been actually damaged in an amount to be proven at trial, but believed to be at least One Hundred Seventy-One Thousand, Five Hundred Ninety-Five Dollars and Eighty-Four Cents ($171,595.84).

## PRAYER FOR RELIEF

WHEREFORE, Verizon Business prays that it be granted judgment in its favor and against Defendants as follows:

(a)    Actual damages on its claim of breach of the TSA in an amount to be proven at trial, but believed to be at least One Hundred Seventy-One Thousand, Five Hundred Ninety-Five Dollars and Eighty-Four Cents ($171,595.84), plus contractual late fees;

(b)    Actual damages, in the alternative to its breach of contract claim, on its quantum meruit claim in an amount to be proven at trial, which is believed to be at least One Hundred Seventy-One Thousand, Five Hundred Ninety-Five Dollars and Eighty-Four Cents ($171,595.84);

(c)    An award of pre-judgment and post-judgment interest;

(d)    An award of the costs of this action, including reasonable attorneys' fees; and

(e)    Such other relief as the Court deems just and proper.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

By: _____
John F. Heil, III, OBA #15904
John T. Richer, OBA #19554
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma  74103-3708
Telephone (918) 594-0400
Facsimile (918) 594-0505
**ATTORNEYS FOR PLAINTIFF
MCI COMMUNICATION SERVICES, INC.
d/b/a VERIZON BUSINESS SERVICES**

983541.1:915130:01383